**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**RENEE WOFFORD, as the sole Wrongful Death
Beneficiary of Robert Dennis Gary, deceased**      **PLAINTIFF**

v.      No. 3:23-cv-00086-MPM-RP

**PROTECTIVE INSURANCE COMPANY, et al.**      **DEFENDANTS**

## ORDER

This cause comes before the court on Defendant Protective Insurance Company's Motion to Transfer Venue [17]. The plaintiff, Renee Wofford, has responded in opposition to the motion [20], and the Court, having considered the memoranda and submissions of the parties,[1] is now prepared to rule.

## FACTUAL BACKGROUND

This case arises from a motor vehicle accident in Augusta County, Virginia that resulted in the tragic death of Mr. Robert Gary. On April 7, 2020, Mr. Gary, a trainee, was accompanying Mr. Robert Scott on an "over-the-road trip" as part of his training for Big M Transportation, Inc. ("Big M"). Mr. Scott was driving, and Mr. Gary was off-duty in the sleeper section of the Big M truck when it collided with Zaqueo Valenti-Tellez, an allegedly uninsured driver. At the time of the incident, Big M's vehicle was covered by an insurance policy issued by Defendant Protective Insurance.

Plaintiff Renee Wofford, daughter of the deceased, filed suit against Zaqueo Valenti-Tellez, Robert Scott, Big M, and Protective Insurance in the circuit court of Tippah County,

---

[1] This court must critique defense counsel's repeated use of "@" in citations. The rules do not yet harbor usage of icons in proper citations. Such abandonment of norms and rules moves this writer to recall a southern voice whom the well-versed reader will recognize without citation: "I am at the moment writing a lengthy indictment against our century. When my brain begins to reel from my literary labors, I make an occasional cheese dip."

1

Mississippi. The matter became removable when the non-diverse defendants, Big M and Robert Scott, were voluntarily dismissed. Defendant Protective Insurance timely removed the matter to this court. After removal, Defendant Valenti-Tellez was also dismissed, leaving Protective Insurance as the sole defendant. The remaining claims turn on whether Ms. Wofford is entitled to uninsured motorist benefits under the Protective Insurance policy issued to Big M.

## ANALYSIS

Defendant Protective Insurance argues that venue is improper in this district and asks that the matter be transferred to the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. § 1391(b). Alternatively, the defendant requests a transfer under 28 U.S.C. § 1404(a), which provides for discretionary transfer of venue for the convenience of the parties.

A.    **Improper Venue Under § 1391(a)**

The parties have substantially briefed whether venue was proper when the case was initiated in Tippah County Circuit Court, but such a determination is irrelevant. Both parties have overlooked the critical fact that the general venue statutes, including § 1391, do not apply to cases removed to federal court. *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953) ("[O]n the question of venue, § 1391 has no application to this case because this is a removed action."). Rather, venue in removed actions is determined by the removal statute itself, which states that the proper venue of a removed action is the district court and division "embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, even if venue was improper in the state court where the case was filed, "a defendant's voluntary application for removal confers venue over him." *Hartford Fire Ins. Co. v. Westinghouse Elec. Corp.*, 725 F. Supp. 317, 320 (S.D. Miss. 1989); *see also* 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 3732 (4th ed. 2009) ("It therefore is immaterial that the federal court to which the action is removed

2

would not have been a proper venue if the action originally had been brought there.").

This case was originally filed in the circuit court of Tippah County, Mississippi, which is embraced by the Oxford Division of the Northern District of Mississippi. Venue is therefore proper in this court.

**B.    Transfer Under § 1404(a).**

Even if venue is proper in a removed case, the district court may still evaluate whether a transfer is warranted. Transfers are governed by 28 U.S.C. § 1404(a), which states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The decision to transfer a pending case is "committed to the sound discretion of the transferring judge." *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).

The Fifth Circuit has held that the "preliminary question under § 1404(a) is whether a civil action might have been brought in the destination venue." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). Next, the court explained that the moving party bears the burden of showing good cause, which means that the movant must "clearly demonstrate that a transfer is 'for the convenience of parties and witnesses, in the interest of justice.' Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315 (quoting 28 U.S.C. § 1404).

Finally, in determining whether transfer is appropriate, the court must weigh several public and private interest factors. The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Volkswagen*, 545 F.3d at 315. The public interest

3

factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at a home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* These factors are "not necessarily exhaustive or exclusive" and "none can be said to be of dispositive weight." *Id.*

Turning to this case, most of the briefing is devoted to whether Virginia or Mississippi law applies to the policy at issue. Again, both parties stress an issue that is not dispositive. In its motion, Protective Insurance identifies only two of the factors considered for transfer, both of which concern choice of law. Though familiarity with the law that will govern the case and avoiding conflict of law issues are two of the public interest factors, neither of these alone is dispositive. After reciting these–and only these–factors, the defendant summarily concludes:

> An application of these factors to this civil action, and due consideration given to the commensurate subrogation rights under Virginia law of any uninsured motorist carrier for benefits it may be required to pay to the Plaintiff weigh heavily in favor of a transfer to the United States District Court for the Western District of Virginia.

*Def.'s Mem. in Supp. of Mot. to Transfer Venue*, at 5 [18].

Though the court does give these factors some weight, these two alone cannot be said to clearly demonstrate that a transfer is for the convenience of parties and witnesses, or in the interests of justice. *See, e.g., Action Indus. v. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (affirming refusal to transfer and noting that defendant failed to establish "that the Mississippi district court was either unable or unwilling to apply Tennessee law"); *TDK Acct. & Tax Servs. v. JPMorgan Chase Bank*, No. 3:09-cv-563, 2010 WL 1416209, at *7 (S.D. Miss. Apr. 7, 2010). The defendant has not satisfied its burden of showing good cause to transfer the case to Virginia, and Ms. Wofford's choice of venue will be respected. Accordingly, Defendant Protective Insurance Company's motion is denied.

**IT IS HEREBY ORDERED** that Defendant Protective Insurance Company's Motion to Transfer Venue [17] is **DENIED**.

**SO ORDERED** this 6th day of November, 2023.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**